IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KC FABRICK,

        Plaintiff,

v.                                                            Case No. 19-2136-DDC

ACUMEN ASSESSMENTS, LLC, et al.,

        Defendants.

## ORDER

Plaintiff, proceeding pro se, brings this diversity action alleging defendants were negligent in their performance of plaintiff's fitness assessment, committed medical malpractice, and conspired in reporting their findings. Plaintiff has filed a motion (ECF No. 28) requesting leave to proceed in this matter under a pseudonym or, alternately, to seal past and future court filings. Because plaintiff has not demonstrated his privacy interests outweigh the public's interest in open court proceedings, the motion is denied.

<u>Request to Proceed Anonymously</u>

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'"[1] The Federal Rules of Civil Procedure do not contemplate the anonymity of

---

[1] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). *See also Doe v. USD No. 237, Smith Ctr. Sch. Dist.*, No. 16-2801, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017) ("Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure. The Federal Rules of Civil Procedure do not contemplate the anonymity of parties." (internal quotation and citation omitted)); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC,

parties.[2] To the contrary, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." These rules recognize the "substantial benefit to maintaining open court proceedings" in which the public knows the identity of litigants."[3]

Nonetheless, the Tenth Circuit has recognized that there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.[4] Adopting the standard of the Eleventh Circuit, the Tenth Circuit has ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.[5]

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court.[6] In exercising that discretion, the court must "weigh[] the plaintiff's claimed right

---

2018 WL 3389878, at *1 (D. Kan. July 12, 2018) ("Allowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure.").

[2] *Femedeer*, 227 F.3d at 1246.

[3] *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006). *See also USD No. 237*, 2017 WL 3839416, at *11 ("There is a substantial benefit to maintaining open court proceedings, and thus the public has an interest in knowing the identity of litigants.").

[4] *Femedeer*, 227 F.3d at 1246.

[5] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[6] *Zavaras*, 139 F.3d at 802.

to privacy against the countervailing public interest."[7]  The public has an "important interest in access to legal proceedings."[8]  Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel."[9] "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."[10]  "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."[11]

Plaintiff makes a very general argument in support of his motion to proceed anonymously.  He asserts the case "involves matters of a highly sensitive and personal nature in that it will involve examination of [medical, including psychological, records]."[12] Plaintiff has not shown, however, that his medical information is somehow unusual so as to justify anonymity.  "[T]the fact that a case involves a plaintiff's medical condition, while arguably personal in nature, is not in-and-of itself sufficient to grant plaintiff's request to proceed under a pseudonym."[13]  Indeed, "[d]isclosure of medical records is part

---

[7]*Id.* at 803.

[8]*Femedeer,* 227 F.3d at 1246.

[9]*Id.*

[10]*Id.*

[11]*Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

[12]ECF No. 28 at 5.

[13]*Doe v. Atchison Hosp. Ass'n.*, No. 17-2662-JAR, 2018 WL 324259, at *2 (D. Kan. Jan. 8, 2018) (quoting *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288,

and parcel of judicial proceedings in many types of litigation, for example, Social Security administrative reviews, medical malpractice litigation, and . . . ERISA and welfare benefits claims."[14] If simply raising a medical claim were the standard, then anonymity would become the rule and not the exception.[15] Here, plaintiff has not specified what, if any, health condition he has, nor discussed any specific harm he will suffer if the public becomes aware of the condition. His broad assertion that his medical records are "sensitive and personal" is not sufficient. "That the medical records might include embarrassing or private information is not unusual and does not justify the secrecy of anonymity."[16]

Even if plaintiff had demonstrated the need for anonymity, the court would not conclude, under the present circumstances, that plaintiff's privacy rights outweigh the countervailing public interests. As noted above, the Tenth Circuit has recognized that the public has an "important interest in access to legal proceedings."[17] Tenth Circuit cases upholding denials of requests to proceed under a pseudonym indicate just how strongly the

---

at *6 (W.D. N.Y. Aug. 25, 2010); *see also E.L. v. Scottsdale Healthcare Corp. Health Plan*, No. 2:11-cv-00271-REJ, 2011 WL 1748548, at *1 (D. Ariz. May 6, 2011)).

[14]*Scottsdale Healthcare*, 2011 WL 1748548, at *1; *see also Doe v. Univ. of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016) ("Disability discrimination cases involving disabilities such as those alleged by Plaintiff are routinely filed by named plaintiffs." (quoting *G.E.G. v. Shinseki*, No. 1:10–cv–1124, 2012 WL 381589, at *2 n.1 (W.D. Mich. Feb. 6, 2012)).

[15]*See Wheeler-Whichard*, 2010 WL 3395288, at *6.

[16]*Atchison Hosp. Ass'n*, 2018 WL 324259, at *2 (quoting *Scottsdale Healthcare,* 2011 WL 1748548, at *1).

[17]*Femedeer,* 227 F.3d at 1246.

4

Court values this interest.  For example, in *Coe v. U.S. Dist. Court for Dist. of Colorado*, a doctor facing professional disciplinary proceedings arising from complaints of sexual and immoral improprieties sued to enjoin public hearings before the state medical board.[18] The doctor contended that public hearings would cause irreparable harm to his career.[19] The Court noted it was sympathetic to the doctor's desire for anonymity in view of the allegations the defendant would surely make during the proceeding, but concluded that the public's "significant interest in free access to the facts" outweighed the doctor's interest in privacy.[20]  Likewise, in *M.M. v. Zavaras*,[21] the Tenth Circuit discussed with approval the Eleventh Circuit case of *Doe v. Frank*[22] in which a postal employee sued for unlawful discrimination based on a "physical handicap," i.e., alcoholism.  The Eleventh Circuit upheld the denial of the plaintiff's request to proceed under a fictitious name, finding, "This case does not present such an unusual situation in which the need for party anonymity outweighs the presumption of openness."[23]  Plaintiff here has not presented interests more compelling than those presented by the plaintiffs in *Coe* or *Frank* that would outweigh the interests of the public in knowing the names of the parties involved.

---

[18]676 F.2d 411 (10th Cir. 1982).

[19]*Id.* at 413.

[20]*Id.* at 414.

[21]139 F.3d at 802-03.

[22]951 F.2d 320, 324 (11th Cir. 1992).

[23]*Zavaras*, 139 F.3d at 803 (quoting *Frank*, 951 F.2d at 324).

5

Request to Seal Documents

In the alternative to proceeding anonymously, plaintiff asks the court to seal the case and "especially . . . sensitive records." The above-discussed public interest in open court proceedings is again implicated. "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records."[24] This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[25] "The overriding concern [is] with preserving the integrity of the law enforcement and judicial processes."[26] To overcome the presumption in favor of open records, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform

---

[24]*Eugene S. v. Horizon Blue Cross Blue Shield*, 663 F.3d 1124, 1135 (10th Cir. 2011); *accord Hatfield v. Price Mgmt. Co.*, No. 04-2563-JWL, 2005 WL 375665, at *1 (D. Kan. Feb. 16, 2005). *See also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (recognizing, "Courts have long recognized a common-law right of access to judicial records," and citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)); *United States v. Apperson*, 642 F. App'x 892, 898 (10th Cir. 2016) ("Courts have long recognized a common-law right of access to judicial records.").

[25]*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *accord Booth v. Davis*, Nos. 10-4010-KHV, 10-4011-KHV, 10-4124-KHV, 10-41-4125-KHV, 2016 WL 1170949, at *1 (D. Kan. March 23, 2016); *Ramirez v. Bravo's Holding Co.*, No. 94-2396, 1996 WL 507238, at *1 (D. Kan. Aug. 22, 1996).

[26]*Apperson*, 642 F. App'x at 899 (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)); *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 754-55 (10th Cir. 2009) (same).

our decision-making process."[27] This burden is a "heavy" one.[28] Again, plaintiff has not articulated any facts upon which the court could conclude his interest in keeping documents confidential would overcome the public's right of access to the documents. Plaintiff's broad request to seal documents is therefore denied.

Although the court has concluded this is not an exceptional case warranting plaintiff's use of a pseudonym or sealing the case, the court notes that mechanisms are available to plaintiff to address his privacy concerns. The entry of a protective order in this case likely can provide the confidentiality plaintiff seeks. In a similar vein, plaintiff may move to file <u>specific</u> documents that discuss his medical condition under seal <u>if</u> he addresses the legal standards set forth above.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed under a pseudonym or to seal the case and/or documents is denied.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion asking the presiding U.S. district judge to review this order. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order. If plaintiff does not timely file his objections, no court will

---

[27]*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *accord Booth*, 2016 WL 1170949, at *1.

[28]*Helm*, 656 F.3d at 1292–93.

7

allow appellate review.

Dated July 23, 2019, in Kansas City, Kansas.

            _s/ James P. O'Hara_
            James P. O'Hara
            U.S. Magistrate Judge