KC FABRICK,

          Plaintiff,

v.

                                 Case No. 19-2136-DDC-JPO

ACUMEN ASSESSMENTS, LLC et al.,

          Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff KC Fabrick's three motions for extension of time.[1]  Docs. 48, 49, and 51.  Plaintiff seeks more time to address three docket items: defendant John R. Whipple's Motion to Dismiss (Doc. 33); Magistrate Judge James P. O'Hara's July 23, 2019, Text Order granting in part and denying in part plaintiff's earlier motion for extension of briefing deadlines (Doc. 36); and Judge O'Hara's other July 23, 2019, Order denying plaintiff's Motion for Leave to Proceed Anonymously and Seal Documents (Doc. 37).

Both of plaintiff's first two motions address Dr. Whipple's Motion to Dismiss (Doc. 33) filed on July 17, 2019.  Plaintiff contends that filing anomalies on the docket warrant more time to respond.  Because Dr. Whipple has filed a second Motion to Dismiss (Doc. 38)—which incorporates and expands the arguments included in the first Motion to Dismiss—the court denies as moot the first Motion to Dismiss without prejudice to the court's consideration of the arguments incorporated into Dr. Whipple's second Motion to Dismiss.  Plaintiff's time to

---

[1]  Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for the plaintiff.  *Id.*  Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

respond to Dr. Whipple's second motion to dismiss has not expired.  So, plaintiff must respond to the second Motion to Dismiss by **August 28, 2019**,

Plaintiff's third motion seeks an extension of time to respond to Judge O'Hara's July 23, 2019, Order denying plaintiff's Motion for Leave to Proceed Anonymously and Seal Documents (Doc. 37).  The court concludes that plaintiff has shown excusable neglect, and so the court permits plaintiff an extension—also until **August 28, 2019**—to file any objections to Judge O'Hara July 23, 2019, Order.

I.      **Analysis**

   A.      **Motion for Extension of Time to File Response to Dr. Whipple's Motion to Dismiss (Doc. 48) and Motion for Extension of Time to File Response to Order on Sealed Motion (Doc. 49).**

On July 12, 2019, plaintiff filed a Motion for Leave to Proceed Anonymously and Seal Documents.  Doc. 28.  In response, Dr. Whipple filed a Memorandum in Opposition and Motion to Dismiss.  Doc. 33.  Dr. Whipple's filing asserted the court lacked jurisdiction over plaintiff because he filed his case using a pseudonym.  Judge O'Hara then denied plaintiff's motion.  Doc. 37.  On July 31, 2019, Dr. Whipple filed a second Motion to Dismiss, ambiguously titled "Motion to Dismiss And/Or Supplemental Motion to Dismiss."  Doc. 38.

Plaintiff asserts an extension is warranted because the docket did not inform plaintiff that Dr. Whipple's Memorandum in Opposition also was a Motion to Dismiss.  The docket reflects that on July 23, 2019—six days after Dr. Whipple filed his motion—the Clerk of the Court adjusted the docket to reflect that Mr. Whipple's filing also constituted a Motion to Dismiss.  *See* Docket Annotation ("The docket text has been updated and the Motion to Dismiss event was added to the entry per Chambers.").

A simpler solution exists. Dr. Whipple's second Motion to Dismiss incorporates the argument contained in the first Motion to Dismiss—*i.e.*, the court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[2]  And the response deadline for the second Motion to Dismiss has not expired.  The court will address the subject matter jurisdiction argument in the second Motion to Dismiss.  So, the court denies the first Motion to Dismiss as moot and without prejudice to Dr. Whipple raising the same arguments in his second Motion to Dismiss.  Plaintiff must file a response to Dr. Whipple's second Motion to Dismiss by **August 28, 2019**.  If this amount of time is insufficient, plaintiff should "publicly file his motion for extension."  In his current motions, plaintiff has asked for clarification about the deadlines and meaning of this phrase.  The court cannot give plaintiff advice or render advisory opinions.  Instead, the court directs plaintiff to District of Kansas Local Rule 6.1.

The court now turns to plaintiff's second motion, which requests more time to respond to Judge O'Hara's July 23, 2019, Text Order.  Docket Entry No. 36.  The Order granted in part and denied in part plaintiff's Motion for Extension of Briefing Deadlines.  The court granted the motion to the extent it addressed plaintiff's time to respond to Dr. Whipple's Motion to Dismiss (Doc. 33).  That is, the court applied the standard 21-day deadline for plaintiff to respond— plaintiff's response thus was due August 7, 2019.  But, the court denied plaintiff's motion seeking an extension of time to file a reply to his Motion to Proceed Anonymously.  Doc. 28.

Plaintiff's second motion reiterates a request for more time to respond to Dr. Whipple's first Motion to Dismiss.  Based on the court's reading of plaintiff's motion, plaintiff challenges the court's Order setting his deadline to respond to Dr. Whipple's Motion to Dismiss as August

---

[2]      Dr. Whipple's second Motion to Dismiss also asserts that plaintiff's Complaint (1) fails to state a claim for which relief may be granted, and (2) fails to provide Dr. Whipple with fair notice of plaintiff's claims against him. Doc. 38 at 1.  The other defendants have joined Dr. Whipple's second Motion to Dismiss.  *See* Docs. 40, 41.

7, 2019.  *See* Doc. 50 at 2.  To the extent plaintiff requests an extension of time to address Dr. Whipple's first Motion to Dismiss, the court denies the motion as moot.  The court directs plaintiff to file a response to Dr. Whipple's second Motion to Dismiss (Doc. 38) by **August 28, 2019**.

## II.  Motion for Extension of Time to File Objections to Judge O'Hara's July 23, 2019, Order (Doc. 51).

Plaintiff's third motion asks the court to grant him more time to respond to Judge O'Hara's July 23, 2019, Order denying plaintiff's Motion for Leave to Proceed Anonymously and Seal Documents.  Doc. 37.  Plaintiff had until August 6, 2019, to file objections with the district court.  *See* Doc. 37 at 7 (citing Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a)).  Plaintiff attempted to file a motion for extension of time one day late—on August 7, 2019.  *See* Doc. 46; Doc. 47 (striking Doc. 46 for failure to seek leave to file as sealed motion).

Under D. Kan. Rule 6.1, parties generally must file a motion for an extension of time before the specified time expires.  "Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."  D. Kan. Rule 6.1.  Excusable neglect exists as "a somewhat elastic concept and is not limited to strictly omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 392 (1993) (citations and internal quotation marks omitted).  But, a party's "inadvertence, ignorance of the rules, or mistakes concerning the rules do not usually constitute 'excusable' neglect."  *Id.*

Determining whether neglect is excusable "is at bottom an equitable [decision], taking account of all relevant circumstances surrounding the party's omission."  *Id.* at 395.  The factors to consider when making this determination include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the

delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* "[P]erhaps the most important single factor" to determine whether neglect is excusable is "[f]ault in the delay." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (citations omitted). Though these factors guide the court's inquiry, the excusable-neglect determination, ultimately, is an equitable decision that's committed to the court's sound discretion. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (reviewing excusable-neglect decision under abuse of discretion standard).

After considering the relevant factors, and though it's a close call, the court exercises its discretion to grant plaintiff leave to file his objections to the July 23, 2019, Order out of time. Plaintiff has acted in good faith. Plaintiff is a pro se litigant, and he filed his Notice of Voluntary Dismissal on July 12, 2019. Doc. 26. Plaintiff asserts that the Clerk's Office informed him that that the dismissal was effective. Doc. 51 at 2. But, a week later, the court entered an Order explaining that the dismissal was not effective because Dr. Whipple[3] had filed an Answer before plaintiff had filed his Notice. *Id.* Plaintiff thus asserts this misunderstanding affected his response to filings.

Also, plaintiff asserts the Clerk's Office told him that the deadline to respond to the July 23, 2019, Order was August 7, 2019. Doc. 51 at 3. The court has substantial doubts that the Clerk of the Court or any of his Deputy Clerks would render such advice. The court need not resolve these doubts because, ultimately, it is plaintiff's responsibility to determine and track his filing deadlines. Plaintiff, however, asserts that he relied on this information. He filed a motion for extension of time—albeit incorrectly by filing under seal without leave—on August 7, 2019.

---

[3] Dr. Whipple did not respond directly to Judge O'Hara's Order requiring the parties to address plaintiff's motion for voluntary dismissal. The court directs Dr. Whipple to file a response to Judge O'Hara's Order within three days of this Order.

And, when the court informed plaintiff of his filing error, he filed corrected versions of his motion on August 8 and 9, 2019. In short, plaintiff asked for an extension of time one day late and, he asserts, with a good faith belief that August 7, 2019, was the response deadline.

The court finds the prejudice to defendants and the potential effect on the judicial proceedings is minimal. Defendants all have joined a motion to dismiss, which the court will entertain after addressing any objections plaintiff files to the July 23, 2019, Order. And, this case remains in its infancy—*i.e.*, the court neither has entered a scheduling order nor set a trial date. Under these circumstances, the court, on balance, finds it equitable to grant plaintiff's third Motion for Extension of Time. The court directs plaintiff to file objections by **August 28, 2019**.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Dr. Whipple's Motion to Dismiss (Doc. 33) is denied as moot and without prejudice to the court's consideration of the arguments incorporated into Dr. Whipple's second Motion to Dismiss.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Extension of Time to File Response to Dr. Whipple's Motion to Dismiss (Doc. 48) is denied as moot. The court directs plaintiff to file a response to Dr. Whipple's second Motion to Dismiss (Doc. 38) by **August 28, 2019**.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Extension of Time to File Response to Order on Sealed Motion (Doc. 49) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Extension to File Objections to Judge O'Hara's July 23, 2019, Order (Doc. 51) is granted. The court directs plaintiff to file objections by **August 28, 2019**.

**IT IS FURTHER ORDERED THAT** Dr. Whipple is directed to respond to the court's Order Regarding Notice of Voluntary Dismissal (Doc. 34) **within three days of this Order's filing**.

**IT IS SO ORDERED.**

**Dated this 21st day of August, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**