# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KC FABRICK,** | |
| Plaintiff, | |
| v. | Case No. 19-2136-DDC-JPO |
| **ACUMEN ASSESSMENTS, LLC, et al.,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff KC Fabrick's Notice of Voluntary Dismissal. Doc. 26. Plaintiff filed a Complaint on March 12, 2019 against three sets of defendants: (1) Acumen Assessments, LLC, Dr. Scott Stacy, Dr. Peter Graham, Dr. Michael Seely, Dr. Thomas Janousek, and Carly Stevenson ("the Acumen defendants"); (2) Forensic Truth Analysis, LLC, and Kipp Low ("the Forensic Truth defendants"); and (3) Dr. John Whipple. Doc. 1. On July 12, Dr. Whipple filed an Answer. Doc. 21. Later the same day, plaintiff filed a Notice of Voluntary Dismissal without prejudice. Doc. 26. Fed. R. Civ. P. 41(a)(1) allows a plaintiff to dismiss his case voluntarily and unilaterally before an opposing party serves an answer. But this rule does not apply to plaintiff's Notice of Voluntary Dismissal because plaintiff filed his Notice after defendant's Answer. So, Judge O'Hara ordered defendants to file a response by August 2, 2019, stating whether they objected to plaintiff dismissing his case without prejudice. Doc. 34. No defendants have objected, so the court now dismisses the case without prejudice.

### I.   Background

The Acumen defendants filed a Response to plaintiff's Notice on August 2, 2019. Doc. 40. The Acumen defendants state they "do not object to the dismissal requested in Plaintiff's

Notice of Voluntary Dismissal." *Id.* at 1. The Forensic Truth defendants also filed a Response on August 2, 2019. Doc. 41. The Forensic Truth defendants that they "do not object to Plaintiff's Voluntary Dismissal." *Id.* At 1. Dr. Whipple filed a Motion to Dismiss on July 31, 2019. Doc. 38. But Dr. Whipple has not filed a response to Plaintiff's Notice despite the court's orders directing him to do so. On August 21, for the second time, the court ordered Dr. Whipple to respond to its Order Regarding Notice of Voluntary Dismissal (Doc. 34) within three days. Doc. 55. Dr. Whipple did not respond. Thus, Dr. Whipple has waived any objection to dismissal. *See* D. Kan Rule 7.4(b) (explaining that when a party fails to respond, "the court will consider and decide [the matter] as . . . uncontested . . . [o]rdinarily, the court will grant the motion without further notice.").

**II.     Standard**

Rule 41(a)(2) provides that the court may allow a plaintiff to dismiss an action voluntarily "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation omitted). So, "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (first citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); then citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986)). "The parameters of what constitutes 'legal prejudice' are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.*

(citing *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.*

### III. Discussion

The court must determine whether defendants will suffer "legal prejudice" if the court dismisses the case without prejudice. The court considers the defendants' effort and expense in preparing for trial; excessive delay and lack of diligence on the part of plaintiff; insufficient explanation of the need for dismissal; and the present stage of litigation. Plaintiff filed this lawsuit about six months ago. Discovery has not begun. The case is in its early stages and defendants have expended minimal effort and expense. The pro se plaintiff filed his Notice of Voluntary Dismissal two hours after Dr. Whipple filed his Answer. Parts of plaintiff's Notice are hard to follow, but it expresses concern about filing challenges and "sensitive records." Doc. 26. None of these reasons will impose "legal prejudice" on defendants. And defendants do not object. For all these reasons, the court concludes that voluntary dismissal without prejudice is proper.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's case is dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 5th day of September, 2019, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**